WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-02283-001-TUC-RM (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Wendy Barahona-Panameno, | |
| Defendant. | |

Pending before the Court is the Government's Motion in Limine to Preclude Necessity Defense (Doc. 69), to which Defendant Wendy Barahona-Panameno responded in opposition (Doc. 70).

**I.   Legal Standard**

To establish a defense of necessity, a defendant must show: (1) she was "faced with a choice of evils and chose the lesser evil"; (2) she "acted to prevent imminent harm"; (3) she "reasonably anticipated a direct causal relationship between [her] conduct and the harm to be averted"; and (4) she "had no legal alternatives to violating the law." *United States v. Schoon*, 971 F.2d 193, 195 (9th Cir. 1991). Although a defendant "has the right to have a jury resolve disputed factual issues," a trial judge need not submit the necessity defense to the jury where "the evidence, even if believed, does not establish all of the elements of [the] defense." *United States v. Dorrell*, 758 F.2d 427, 430 (9th Cir. 1985). A judge should grant a motion in limine to preclude evidence of necessity if the defendant's "offer of proof is deficient with regard to any of the four elements" of the

defense. *United States v. Aguilar*, 883 F.2d 662, 693 (9th Cir. 1989), *superseded by statute on other grounds as recognized in United States v. Gonzalez-Torres*, 309 F.3d 594 (9th Cir. 2002).

**II.   Facts**

Defendant argues that she is entitled to assert the necessity defense at trial based on the following facts: Defendant encountered a group of individuals waving down cars on the side of a desert road at approximately 5 a.m. (Doc. 70 at 1, 5.) After picking up the individuals in her minivan, Defendant turned into the Emergency Department entrance of the Canyon Vista Medical Center in Sierra Vista—at a time when she was being followed by a Cochise County Sheriff's Deputy but before the Deputy had activated the overhead lights in his vehicle. (*Id.* at 2, 5.) After the Deputy pulled Defendant over, he did not inquire as to the health of any of the individuals in the minivan. (*Id.* at 2, 5.) When the individuals were later deposed, one of them testified that a person in the group couldn't breathe very well. (*Id.* at 3.) Another testified that, about eight months before crossing the border, he began having a problem with one of his nostrils not filling with air, and that it was possible other people could have heard him having difficulty breathing. (*Id.* at 3-4.) Defendant states that she anticipates testifying to why she stopped, the observations she made, and the imminent harm that necessitated her to transport the individuals to the medical center. (*Id.* at 5.)

The Government argues that there is no indication that any of the undocumented noncitizens that Defendant transported were visibly in medical distress, nor any evidence that Defendant was aware when she picked the individuals up that one had an underlying medical condition that affected his breathing. (Doc. 69 at 5.) The Government further argues that it is undisputed that Defendant had a working phone at the time she picked up the undocumented noncitizens, and she therefore could have called 911 as a legal alternative to transporting the individuals. (*Id.*)

. . . .

. . . .

### III. Discussion

The Court finds that, even if believed, the evidence identified by Defendant is insufficient to establish all the elements of the necessity defense. The Court has reviewed the transcript of the deposition of the undocumented noncitizen with the underlying medical condition that affected his breathing. Although the individual testified that he was having a little problem breathing when Defendant transported him, and that it was possible other people could hear that his breathing was not normal, he did not testify that he was in imminent medical distress. To the contrary, he testified that he had been having a problem with one of his nostrils for eight months. He also testified that Defendant did not directly speak to him when he entered her vehicle. There is no evidence that Defendant asked him about his breathing or inquired as to whether he needed medical assistance. Accordingly, the Court finds there is insufficient evidence to show that Defendant acted to prevent imminent harm. Furthermore, Defendant had a working phone with her at the time of the incident and therefore could have called 911 instead of picking up the group of undocumented noncitizens. Accordingly, Defendant has failed to identify evidence showing she had no legal alternatives to violating the law.

**IT IS ORDERED** that the Government's Motion in Limine to Preclude Necessity Defense (Doc. 69) is **granted**. Defendant shall be precluded from presenting a necessity defense at trial.

Dated this 29th day of August, 2023.

Honorable Rosemary Márquez
United States District Judge